IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JANET L. MOYER and          :
FRANKLIN MOYER, JR.          :
                             :
        Plaintiffs,          :          3:09-CV-1290
    v.                       :
                             :          (Judge McClure)
ALLSTATE INSURANCE           :
COMPANY,                     :
                             :
        Defendant.           :

**M E M O R A N D U M**

August 20, 2010

## I.  Introduction

On July 7, 2009, plaintiff Janet L. Moyer ("Moyer") instituted this civil

action, through counsel, against defendant Allstate Insurance Company

("Allstate").  Moyer's complaint contained three counts, which alleged that

Allstate breached the contract it entered into with Moyer ("Count I"); engaged in

acts or practices considered unfair or deceptive under the Pennsylvania Unfair

Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa.C.S. § 201.2(4)

("Count II"); and acted in bad faith in violation of the Pennsylvania Bad Faith

Law, 42 Pa.C.S. § 8371, et seq. ("Count III").  (Rec. Doc. No. 1).  On September 8,

2009, Allstate joined Franklin Moyer, Jr., the plaintiff's son, as a plaintiff.  (Rec.

Doc. No. 6).[1]  At issue in the case is the alleged denial by the defendant of Moyer's claim under her insurance policy for coverage and payment of losses incurred as a result of a fire at her home on October 31, 2008.  Id. at 2-3.

On March 18, 2010, the parties stipulated to the dismissal, with prejudice, of Count III of the plaintiff's complaint.  (Rec. Doc. No. 20).  Also on March 18, 2010, the parties stipulated that "on October 31, 2008 Franklin Moyer, Jr. was a resident of the property located at 135 Haven Street, Schuylkill Haven, Schuylkill County, Pennsylvania."  (Rec. Doc. No. 18).  On March 19, 2010, the parties stipulated to the dismissal, with prejudice, of Count II of the complaint.  (Rec. Doc. No. 21).  Therefore Count I, which alleges breach of contract, is the only remaining count.

---

[1] The docket reflects that Franklin Moyer, Jr. has been served with all relevant documents.  Copies of the complaint, the defendant's answer, and the defendant's joinder of Franklin as a plaintiff were served on Franklin on October 9, 2009.  (Rec. Doc. No. 10).  In addition, defense counsel has certified that the motion for summary judgment, proposed order, brief in support of the motion for summary judgment, statement of material facts, and certificate of concurrence were served upon Franklin on June 8, 2010.  (Rec. Doc. No. 24, Attach. No. 15 at 1-2).  Moyer's counsel filed a certificate of service declaring that copies of Moyer's answer and opposition to the defendant's motion for summary judgment, proposed order, statement of material facts in opposition to the motion for summary judgment, and brief in opposition to the motion for summary judgment were served on Franklin on June 22, 2010.  (Recd. Doc. No. 29).  The defendant's reply brief relating to the motion for summary judgment was served on Franklin on July 2, 2010.  (Rec. Doc. No. 31 at 4-5).

## II. Procedural History

On June 14, 2010, defendant Allstate filed a motion for summary judgment, with a statement of material facts in support, on the plaintiff's breach of contract claim. (Rec. Doc. No. 24). Defendant filed a brief in support on June 15, 2010. (Rec. Doc. No. 25). On June 22, 2010, plaintiff filed a brief in opposition to the motion for summary judgment, an answer and opposition to the motion, and a statement of facts concerning the motion. (Rec. Doc. Nos. 26-28). Defendant filed a reply brief on July 2, 2010. (Rec. Doc. No. 31).

On June 29, 2010, pursuant to a verbal order, the Honorable Thomas I. Vanaskie, upon his confirmation by the United States Senate to a position on the United States Court of Appeals for the Third Circuit, reassigned the present action to the undersigned judge. (Rec. Doc. No. 30). As all fact discovery concerning the fire alleged to have caused the damage at issue in this case was completed as of May 10, 2010, and as the motion for summary judgment has been fully briefed, the matter is now ripe for disposition. Therefore, for the following reasons, we will grant the defendant's motion for summary judgment. (Rec. Doc. No. 24).

## III. Factual Background

The facts of record,[2] viewed in a light most favorable to plaintiffs, the non-moving party, are as follows.  In Count I of their complaint, plaintiffs contend that Allstate breached the contractual duties it owed to the plaintiff when it denied Moyer's claim for insurance coverage based on the fire damage to her property at 135 Haven Street, Schuylkill Haven, Pennsylvania, incurred on October 31, 2008. (Rec. Doc. No. 1 at 2-3).  Defendant Allstate, however, has denied that the plaintiff's claim was covered under the terms, conditions, or exclusions of the insurance policy agreed to between the parties.  (Rec. Doc. No. 24, Exhbt. B).

The fire at issue in the instant litigation occurred at the property on October 31, 2008.  (Rec. Doc. No. 1 at 2).  As of this date, the property was insured by Allstate under policy number 008462567.  (Rec. Doc. No. 5, Exhbt. A).  The

---

[2] According to Local Rule 56.1, "[s]tatements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements," and "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed admitted unless controverted by the statement required to be served by the opposing party."  It appears as though, in plaintiff's statement of material facts filed in opposition to the defendant's motion for summary judgment, the plaintiff on several occasions has failed to provide a citation to the record.  We will, therefore, adopt those facts presented by defendant Allstate which are not clearly disputed by plaintiff with adequate references to the record.  See United States ex rel. Stephen Paranich, D.C. v. Deborah Sorgnard, et. al., 286 F. Supp. 2d 445, 447 n.3 (M.D. Pa. 2003),  aff'd, 396 F.3d 326 (3d Cir. 2005).

Schuylkill Haven Borough Fire Chief and the Schuylkill Haven Police Department

determined that the fire occurred as a result of arson.  (Rec. Doc. No. 24, Exhbt. F).

Franklin Moyer, before the Court of Common Pleas of Schuylkill County, pled

guilty on August 25, 2009 to arson for the October 31, 2008 fire.  Id., Exhbts. G

and H.  During the proceeding at which Franklin Moyer entered his guilty plea, he

testified, in part, to the following:

> THE COURT: . . . You're charged with doing the following things on
> October 31, 2008.  That you endangered the property of another
> person or of your own property or the property of Janet Moyer.  Who
> is that, you're estranged wife?
>
> THE DEFENDANT: That would be my mother.
>
> THE COURT: Your mother.  And what you did was either set fire to
> the property or you paid another person to set fire or cause an
> explosion thereby recklessly placing an inhabited building or
> occupied structure of another person, your mother, in danger of
> destruction; or by destroying a building that was owned by you.  And
> it was your intent to destroy or damage that building.  How do you, in
> fact, plead to those two counts of arson, felonies two?
>
> THE DEFENDANT: Guilty.
>
> THE COURT: I'll accept those pleas as knowing, understanding and
> intelligent.  You're also charged with criminal mischief in that you
> did intentionally pour gasoline into the residence and lit the gasoline
> on fire resulting in fire, smoke and water damage to the house causing
> damages in an amount greater than $5,000, and you did that
> intentionally, and that it was your conscious object to do it recklessly
> or negligently.  And how do you, in fact, plead to that?

THE DEFENDANT: Guilty.

Id., Exhbt. G at 5-6.

Franklin indicated that he pled guilty to the above charges because he did not think a Ms. Kellie Heagy, who appears to have been present when the fire occurred, would be likely to tell the truth in light of her deposition testimony. (Rec. Doc. No. 28, Exhbt. A at 62-63).  In addition, he appears to have had little confidence in his lawyer in the criminal case and that this lawyer had recommended that a prior case of unsworn falsification could be admissible against him at a later trial on the arson and related charges.  Id., Exhbt. A at 66-69. Franklin never told the police how the fire began or that he intentionally started the fire; in fact, he appears to believe that the police would have pursued a drug charge against him if he were to fight the arson and related charges and succeed.  Id., Exhbt. A at 74-75.  Franklin claims that he accepted the plea deal, which places him in jeapordy of serving between one and three years imprisonment, as opposed to going to trial and risking a term of imprisonment ranging from one to three or five to ten years.  Id., Exhbt. A at 69-76.  Franklin claims that he "never" told any person that he started the fire at the residence intentionally.  Id., Exhbt. A at 77.

The fire was reported to Allstate on October 31, 2008.  Kellie Heagy, who resides on 1617 Long Run Road, Schuylkill Haven, Pennsylvania, was present in

the residence at the time of the fire. (Rec. Doc. No. 5, Exhbt. B at 5). Ms. Heagy has given four different statements concerning the cause of the fire: (1) a statement she gave to the Schuylkill Haven Police Department on the night of the fire that she and Franklin discovered the fire after smelling smoke from the second floor fifteen minutes after Franklin had been arguing with his mother (Rec. Doc. No. 28, Exhbt. B at 77-78); (2) another statement given to the Schuylkill Haven Police Department that she saw Franklin pour gasoline in the kitchen and living room and throw an unlit lighter at the gasoline, Id., Exhbt. B at 79-80; (3) a statement to Franklin's criminal defense attorney that as she and Franklin were cleaning up the kitchen and, as Franklin attempted to use a lighter to light a cigarette, the lighter caught fire and he dropped it, causing the kitchen to catch fire, Id., Exhbt. B at 67; and (4) deposition testimony that Franklin lit a match while in the kitchen, shook it out, and then lit another match and dropped it, causing the kitchen to catch fire, Id., Exhbt. B at 45. At his own deposition, Franklin testified that on October 31, 2008, he and his mother had been fighting, and he was angry with her. (Rec. Doc. No. 28, Exhbt. A at 37-39).[3] Franklin poured gasoline on the kitchen floor of the residence and threw items, including Moyer's cigarettes and a lighter, on the floor

---

[3] On the evening of October 31, 2008, Franklin claims to have been taking Percocet and Valium; in addition, he states that he had taken ninety-seven pills of St. Johns Wort and nearly "a fifth" of alcohol. Id., Exhbt. A at 31-51.

as well.  Id., Exhbt. A at 42.  After Franklin and Kellie went upstairs, the gasoline

odor coming from the kitchen caused the two to go back downstairs to attempt to

clean up the gasoline.  Id., Exhbt. A at 43.  Upon reaching the kitchen, Franklin

first toweled off those items on the floor and Moyer's cigarettes and lighter.  He

placed these items on the kitchen table.  He then took a cigarette and lit a lighter.

When he attempted to close the lighter, it caught fire in his hand, causing him to

drop it.  Franklin stated that his dropping the lighter on the floor was "natural

instinct," and the floor caught fire.  Id., Exhbt. A at 44-45, 52-54.

By a letter dated March 23, 2009, an Allstate representative denied Moyer's

claim in light of the alleged intentional or criminal acts of Franklin Moyer, Jr.

(Rec. Doc. No. 5, Exhbt. B).  In part, the policy in place at the time of the fire read

as follows:

> **Losses We Do Not Cover Under Coverages A and B:**
> **We** do not cover loss to the property described in **Coverage A -**
> **Dwelling Protection** or **Coverage B - Other Structures Protection**
> consisting of or caused by the following:
> . . .
>    9.  Intentional or criminal acts of or at the direction of any
> **insured person**, if the loss that occurs:
>       (a) may be reasonably expected to result from such acts; or
>       (b) is the intended result of such acts.
>
> This exclusion applies regardless of whether or not the **insured**
> **person** is actually charged with, or convicted of, a crime.

(Rec. Doc. No. 24, Exhbt. E at 6-7).  Under the policy, an "**insured person**" is defined as "**you** and, if a resident of **your** household: (a) any relative; and (b) any dependent person in **your** care."[4]  Id., Exhbt. E at 2.  In addition, joint obligations are imposed on "insured persons."  Therefore, "the responsibilities, acts and failures to act of a person defined as an **insured person** will be binding upon another person defined as an **insured person**."  Id., Exhbt. E at 4.

In light of the fact that Franklin Moyer resided at the property on October 31, 2008 and that he was Moyer's relative, Franklin Moyer was considered to be an "insured person" under the policy.  Id., Exhbt. E. at 2.  Therefore, as noted above, Allstate denied Moyer's claim in light of the alleged intentional or criminal acts of an "insured person": Franklin Moyer, Jr.  (Rec. Doc. No. 5, Exhbt. B).

## IV.  Standard of Review

Summary judgment is appropriate when 1) there are no material facts in dispute; and 2) one party is entitled to judgment as a matter of law.  See Int'l Union, United Mine Workers of Am. v. Racho Trucking Co., 897 F.2d 1248, 1252 (3d Cir. 1990) (citing Fed. R. Civ. Pro. 56(c)).

A district court may properly grant a motion for summary judgment when

---

[4] "**You**" or "**your**" is defined under the policy as "the person named on the Policy Declarations as the insured and that person's resident spouse."  Id.

"the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "Material facts" are those which might affect the outcome of the suit.  Id.; Justofin v. Metropolitan Life Ins. Co., 372 F.3d 517, 521 (3d Cir. 2004).

Regardless of who bears the burden of persuasion at trial, the party moving for summary judgment has the burden to show an absence of genuine issues of material fact.  Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996) (citations omitted).  To meet this burden when the moving party does not bear the burden of persuasion at trial, the moving party must show "'that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the nonmovant's burden of proof at trial.'"  Jalil v. Avdel Corp., 873 F.2d 701, 706 (3d Cir. 1989) (quoting Chippolini v. Spencer Gifts, Inc., 814 F.2d 893, 896 (3d. Cir. 1987)); see Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  More simply put, a party moving for summary judgment who does not bear the burden of persuasion at trial is not required to negate the nonmovant's claim, but only point out a lack of evidence sufficient to support the nonmovant's

claim.  <u>Country Floors, Inc. v. Partnership Composed of Gepner and Ford</u>, 930

F.2d 1056, 1061 (3d Cir. 1991).

Once the moving party meets its burden of showing an absence of genuine

issues of material fact, the nonmoving party must provide some evidence that an

issue of material fact remains.  <u>Matushita Elec. Indus. Co. v. Zenith Radio Corp.</u>,

475 U.S. 574, 586 (1986).  The nonmoving party, however, cannot do so by merely

offering general denials, vague allegations, or conclusory statements; rather, the

party must point to specific evidence in the record that creates a genuine issue as to

a material fact.  <u>Celotex</u>, 477 U.S. at 32; <u>Ridgewood Bd. of Educ. v. N.E. ex rel.</u>

<u>M.E.</u>, 172 F.3d 238, 252 (3d Cir. 1999).

**V.  Discussion**

Allstate contends that, in light of Franklin's guilty pleas entered in

connection with the fire at the property, the doctrines of collateral estoppel and

judicial estoppel are applicable to bar Franklin from denying the criminal acts he

allegedly undertook.  (Rec. Doc. No. 25 at 8).  Allstate also contends that the

policy is not ambiguous as to the ability for Moyer to recover; even though she

may be an innocent co-insured, the policy clearly indicates that she may not

recover for Franklin's intentional or criminal acts, as he is considered also to be an

insured under the policy.  <u>Id.</u> at 10-12.

11

Plaintiffs contend that Janet Moyer is entitled to recover under the policy because, though Franklin Moyer Jr. did in fact cause the fire, her interests are adverse to Franklin's interests and their interests are not joint in light of the ambiguous language used in the insurance policy. (Rec. Doc. No. 26 at 5). Plaintiffs also argue that collateral and judicial estoppel are inapplicable as Franklin "did not go through a trial" and as "it is clear that the guilty plea was entered for convenience purposes and to avoid the possibility of a harsher sentence if convicted." Id. at 6. Plaintiffs reiterate that genuine issues of material fact remain as to what caused the fire, a material fact that affects the outcome of the case. Id. at 7-8.[5]

When a court is faced with "construing an insurance policy, if the words of the policy are clear and unambiguous, the court must give the words their plain and ordinary meaning." Pacific Indem. Co. v. Linn, 766 F.2d 754, 761 (3d Cir. 1985) (citing Northbrook Insurance Co. v. Kuljian Corp., 690 F.2d 368, 372 (3d Cir. 1982)). If a provision is ambiguous, i.e. "[i]f reasonably intelligent [individuals] on considering it in the context of the entire policy would honestly differ as to its meaning," then an insurance contract is to be strictly construed as against the

---

[5] Plaintiffs contend that if a jury were to believe Franklin's testimony, "it would be clearly a negligent act that caused the fire and not an intentional act as alleged by the Defendant." Id. at 8.

insurer.  <u>Celley v. Mutual Ben. Health & Accident Ass'n</u>, 229 Pa. Super. 475, 481-82 (Pa. Super. Ct. 1974); <u>see also</u> <u>Buntin v. Continental Ins. Co.</u>, 583 F.2d 1201, 1207 (3d Cir. 1978) ("It is settled that any ambiguity or contradiction in an insurance policy *must* be construed against the insurer, and in a manner which is more favorable to coverage.") (emphasis included).  However, "[a] court should read policy provisions to avoid ambiguities, if possible, and not torture the language to create them."  <u>St. Paul Fire & Marine Ins. Co. v. United States Fire Ins. Co.</u>, 655 F.2d 521, 524 (3d Cir. 1981).  The construction of an insurance policy by the court is a matter of law.  <u>Duffy v. Nationwide Ins. Co.</u>, 374 Pa. Super. 55 (1988).

First, the court concludes that Franklin was an "insured person" under the terms of the policy.  On page two of the policy, Allstate defines an **"insured person**" as "**you** and, if a resident of **your** household: (a) any relative; and (b) any dependent person in **your** care."  (Rec. Doc. No. 24, Exhbt. E at 2).   The parties do not dispute that Franklin Moyer, Jr. is the son of Janet Moyer.  It is also undisputed that Franklin Moyer, Jr. resided at the property on October 31, 2008.  (Rec. Doc. No. 18).  Therefore, although Franklin was not a named insured under the policy, he is clearly considered to be an "insured person."  As such, an intentional or criminal act committed by Franklin would not be covered under the policy if the

resulting loss "may be reasonably expected to result from such acts or . . . is the intended result of such acts." (Rec. Doc. No. 25 at 4).

Second, we agree with the defendant that collateral estoppel may be applied in the instant case to prevent Franklin from denying the criminal acts he committed on October 31, 2008.

In Pennsylvania, a person commits arson, a felony, in the first degree when:

(1) . . . he intentionally starts a fire or causes an explosion, or if he aids, counsels, pays or agrees to pay another to cause a fire or explosion, whether on his own property or on that of another, and if: . . .

> (ii) he commits the act with the purpose of destroying or damaging an inhabited building or occupied structure of another.

18 Pa.C.S. § 3301. In addition, pursuant to § 3304:

(a) . . . A person is guilty of criminal mischief if he:

> (1) damages tangible property of another intentionally, recklessly, or by negligence in the employment of fire, explosives, or other dangerous means listed in section 3302(a) of this title (relating to causing or risking catastrophe) . . . .

18 Pa.C.S. § 3304.

Collateral estoppel is applicable when:

(1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party

against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment.

State Farm Fire & Cas. Co. v. Corry, 324 F. Supp. 2d 666, 673 n.5 (E.D. Pa. 2004) (quoting City of Pittsburgh v. Zoning Bd. of Adjustment, 559 A.2d 896, 901 (Pa. 1989)). In Pennsylvania, "[e]vidence of a guilty plea is admissible in a civil action as an admission against interest." Stidham v. Millvale Sportsmen's Club, 618 A.2d 945, 952 (Pa. Super. Ct. 1992) (citing Cromley v. Gardner, 385 A.2d 433 (Pa. Super. Ct. 1978)). The court in Stidham also reasoned "that criminal convictions are admissible in civil actions arising from the same operative facts and circumstances" and "that these convictions are conclusive evidence of the criminal acts . . . ." 618 A.2d at 952.

Here, the issue decided at Franklin's guilty plea is identical to that presented here, and the plea he entered represented a final judgment on the merits. In addition, Franklin, the individual against whom the plea is asserted, clearly was a party in the prior case, and he had a full and fair opportunity to contest this issue at the prior proceeding. Finally, the guilty pleas he entered, both as to arson and criminal mischief, were essential to the judgment entered against him. In his plea hearing before the Court of Common Pleas of Schuylkill County, Franklin indicated that "it was [his] intent to destroy or damage" Moyer's residence and that

he caused damage to the residence "intentionally, and that it was [his] conscious object to do it recklessly or negligently." (Rec. Doc. No. 24, Exhbt. G at 5-6). We believe that the above is conclusive as to the question of whether Franklin intended the result of his actions under the insurance policy. In any event, based upon the intentional and criminal acts committed by Franklin, it appears clear to this court that the losses incurred would reasonably be expected to result from Franklin's acts. Even if the court were to believe Franklin's description of how the fire began, a reasonable person would conclude that the fire that resulted was likely to occur. Therefore, we conclude that Franklin is barred from asserting that he did not commit a criminal act, and that it has been conclusively established that he did commit the acts in question.[6]

Third, and finally, we must consider whether, in light of the above, Allstate has a duty to pay Moyer for her claims under the policy. Moyer claims that she may recover under the insurance policy because she is an innocent co-insured and the policy is ambiguous as to coverage. However, the court fails to see any ambiguity in the terms of the insurance policy. On page two of the policy, Allstate defines an "**insured person**" as "**you** and, if a resident of **your** household: (a) any

---

[6] In light of this court's conclusion concerning the admissibility of Franklin's guilty pleas, we need not determine the applicability of the doctrine of judicial estoppel. (See Rec. Doc. No. 25 at 9-10).

relative; and (b) any dependent person in **your** care." (Rec. Doc. No. 24, Exhbt. E

at 2). On page four of the policy, Allstate notes that the policy imposes joint

obligations on the named-insured and that person's "resident spouse." Id. at 4.

The policy refers to the named-insured and the "resident spouse" as "**you** or **your**."

Id. Therefore, the named insured or his or her resident spouse's "responsibilities,

acts and omissions . . . will be binding upon any other person defined as **you** or

**your**." Id. The policy goes on to impose joint obligations upon individuals

defined as an "insured person." Id. Therefore, an insured person's

"responsibilities, acts and failures to act . . . will be binding upon another person

defined as an **insured person**." Id. As noted above, it is clear that Franklin was an

"insured person," as he was Moyer's son and a resident of the household at the

time of the fire. Id., Exhbt. E at 2.

The above is not ambiguous. Based upon this court's reading of the policy,

the policy quite clearly imposes joint obligations upon both the named-insured,

Ms. Moyer, as well as her son, an "insured person" under the policy. Simply

because the policy imposes joint obligations on the named insured and his or her

spouse, as well as any relative or dependent person in the individual's care residing

in the household, does not render the provision ambiguous.

We would draw the parties' attention to Allstate Indem. Co. v. Shoopman,

2009 U.S. Dist. LEXIS 65324 (E.D. Ky. July 27, 2009) as providing further support for this court's conclusion.  In that case, which arises out of the Eastern District of Kentucky, the very same provision of Allstate's insurance policy - that excluding from coverage the "[i]ntentional or criminal acts of or at the direction of any insured person" when the occuring loss "may be reasonably expected to result from such acts . . . or is the intended result of such acts" - was at issue.  Shoopman, 2009 U.S. Dist. LEXIS 65324 at *7.  The case concerned a Mr. and Mrs. Shoopman, whose home was destroyed by a fire on November 18, 2008.  Id. at *3. While Allstate had no information that Mr. or Mrs. Shoopman was involved in setting the fire or had engaged in conduct that would prevent either of them from recovering under the policy, Allstate claimed that the cause of the fire was arson, committed by an "insured person" under the policy, namely Mr. and Mrs. Shoopman's son, Michael.  Id. at *3-4.  Mr. and Mrs. Shoopman contended, on the other hand, that the policy's exclusion concerning intentional acts was "unenforceable absent a showing that a named insured was involved in setting the fire at the home."  Id. at *4.

In Shoopman, genuine issues of material fact still existed concerning whether Michael should have been considered an "insured person" under the policy and whether Michael, inter alia, had intentionally set fire to the home.

However, the court concluded that it could decide the legal issue of whether, "if 'any insured person' under the parties' insurance policy engaged in or directed any intentional or criminal acts in setting the fire . . .," Allstate would have had a duty to pay a claim by the Shoopmans "regardless of the 'innocence' of any other person defined as 'an insured person,' including the Shoopmans, given the express language of the 'joint obligation' clause [and] the 'intentional act' exclusion . . . in the Insuring Agreement portion of the Policy." Id. at *12-13. The court concluded that no such duty to make payments existed. Id. at *13-14. As support for its holding, the court in Shoopman noted that "Allstate has clearly and unambiguously disclaimed liability for any intentional acts of 'any insured' . . . ." Id. at *12. In addition, the court noted that the "joint obligation" clause of the policy "clearly and unambiguously imposes joint obligations upon anyone defined as 'an insured person' such that the acts of any 'insured person' are binding upon anyone else so defined, including the named insured." Id.

We agree with the analysis of the court in Shoopman and believe that a similar result is warranted in the instant case. Franklin was clearly an "insured person" under the terms of the policy. In addition, pursuant to the doctrine of collateral estoppel, we conclude that Franklin committed a criminal act causing loss that might "reasonably be expected to result from [his criminal act] or that was

"the intended result of such [an act]."  (Rec. Doc. No. 24, Exhbt. E at 6-7).  Here, Franklin pled guilty to committing both arson and criminal mischief relating to the fire that occurred on October 31, 2008 at Moyer's residence.  Finally, the policy clearly and unambiguously imposed upon Franklin and his mother joint obligations.  Therefore, we are constrained to conclude that Janet Moyer is not entitled to recover under the policy.  As unfortunate as this outcome might be, Franklin's attempts to create a material issue of fact are unavailing.

Therefore, we will enter summary judgment in favor of defendant Allstate.

## VI.  Conclusion

For the foregoing reasons, we conclude that defendant Allstate has no duty to provide coverage to plaintiff Janet Moyer in light of the terms of the agreement and the actions of an "insured person" of the policy, namely her son, Franklin Moyer, Jr.  Therefore, we will grant Allstate's motion for summary judgment. (Rec. Doc. No. 24).

   s/ James F. McClure, Jr.     
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JANET L. MOYER and         :
FRANKLIN MOYER, JR.        :
                                     :
        Plaintiffs,        :                3:09-CV-1290
      v.                      :
                                     :              (Judge McClure)
ALLSTATE INSURANCE        :
COMPANY,                   :
                                   :
        Defendant.        :

## ORDER

August 20, 2010

In accordance with the accompanying memorandum, **IT IS HEREBY**

**ORDERED THAT:**

1.      Defendant Allstate's motion for summary judgment is **GRANTED**.

(Rec. Doc. No. 24).

2.      The clerk is directed to amend the caption in the instant case to reflect

the fact that Franklin Moyer, Jr. is also named plaintiff.

3.      The clerk is directed to enter final judgment in favor of the defendant

and against the plaintiffs.

4.      The clerk is directed to close the case file.

___s / James F. McClure, Jr._____
James F. McClure, Jr.
United States District Judge